IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41498
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

MARTHA MAYORGA-SANCHEZ,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-01-CR-515-1
--------------------
January 17, 2003

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Martha Mayorga-Sanchez pleaded guilty to count one of an indictment charging her with importation into the United States of more than 50 kilograms of marijuana and aiding and abetting in violation of 21 U.S.C. §§ 852, 960(a) and 960(b) and 18 U.S.C. § 2. Mayorga has appealed her conviction and sentence.

Mayorga contends that her offense level should have been reduced because she had a minor or minimal role in the offense. Because Mayorga failed to carry her burden of showing that she

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was "substantially less culpable" than the average participant in the offense, the district court did not clearly err in overruling Mayorga's objection to the lack of a role adjustment.  <u>See</u> U.S.S.G. § 3B1.2, comment. (n.3(A)); <u>see also</u> <u>United States v. Brown</u>, 54 F.3d 234, 240-41 (5th Cir. 1995).

Mayorga contends that 21 U.S.C. §§ 952, 960(a), and 960(b) are unconstitutional in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).  Mayorga concedes that this court has rejected this argument.  <u>See</u> <u>United States v. Slaughter</u>, 238 F.3d 580, 582 (5th Cir. 2000); <u>see also</u> <u>United States v. Duran</u>, No. 01-41090 (5th Cir. Aug. 21, 2002) (unpublished).  She states that she raises the issue in order to preserve it for further review by the Supreme Court.  The judgment and sentence are affirmed in part.

The judgment states incorrectly that Mayorga was convicted for count two of the indictment charging her with possession of marijuana with intent to distribute.  We vacate the judgment in part and remand for correction of the judgment pursuant to FED. R. CRIM. P. 36.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.